IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEANDREA WADE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0896 |
| | § | |
| WARDEN, FPC BRYAN, TEXAS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Deandrea Wade, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the administration of her prison sentence by the United States Bureau of Prisons. After reviewing all of the pleadings, and the applicable law, the Court **dismisses** this case for reasons that follow.

**I.     BACKGROUND**

On August 22, 2007, a grand jury in this district returned an indictment against Wade and three other individuals, alleging a conspiracy to commit mail fraud and money laundering. A jury found Wade guilty of four counts (Counts 1, 2, 16-17) alleged in the indictment. [Doc. # 91]. On July 9, 2008, the Court sentenced Wade to serve at total 21 months in federal prison, followed by a 3-year term of supervised release. [Doc. # 155]. The Court also directed Wade to make restitution to the Hartford Insurance Company in the amount of $133,601.00.

Wade filed a notice of appeal from her conviction. Thereafter, the Court granted her motion to remain free on bond pending the result of that appeal. [Doc. # 263]. The Fifth Circuit affirmed the conviction and denied Wade's petition for rehearing on December 17, 2009. [Doc. # 335]. After the Fifth Circuit issued the mandate of affirmance on February 10, 2010, Wade requested an extension of time, up to and including October 25, 2010, in which to surrender to federal prison. The Court granted Wade an extension of time until October 27, 2010. [Doc. # 340].

Although she remains free on bond, Wade now seeks a federal writ of habeas corpus under 28 U.S.C. § 2241. [Doc. # 1]. She does not challenge her conviction or the validity of her sentence. Instead, she challenges the administration of her sentence by prison officials with regard to her eligibility to serve the last 12 months of her sentence in a half-way house or Residential Reentry Center ("RRC"). For reasons explained briefly below, the Court concludes that the petition must be dismissed as premature.

**II.   DISCUSSION**

The dispute in this case concerns Wade's claim that she is entitled to serve the last portion of her prison sentence in a halfway house. On April 9, 2008, Congress amended the statutory provisions granting authority to the Bureau of Prisons to determine an inmate's eligibility for placement in a Residential Reentry Center ("RRC"), also known as a halfway house. *See* Second Chance Act of 2007, Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692-93 (April 9, 2008), 18 U.S.C. § 3624(c). Under the Second Chance Act, 18 U.S.C. § 3624(c) was amended to increase placement in an RRC or halfway house facility from 6

months up to 12 of the final months of an inmate's term of imprisonment, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b).[1]

In this case, Wade seeks a Court order in the form of a writ of habeas corpus under 28 U.S.C. § 2241, directing BOP officials to assign her to an RRC or halfway house for the final 12 months of her sentence in compliance with the Second Chance Act. As noted above, however, Wade is not presently in custody of the BOP because she remains free on bond. Absent a showing that she is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(a), (c)(3), Wade fails to establish that this Court has subject matter jurisdiction to consider her petition under the relevant federal habeas corpus statutes.

More importantly, even assuming that the element of custody was established for purposes of federal habeas review, Wade does not allege or show that she has been considered by BOP for early release or that her request for early release has been denied.[2] Thus, the relief she seeks under the Second Chance Act is premature.

---

[1] This statute provides that "[t]he Bureau of Prison shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The statute also sets forth a number of factors for consideration when making that designation, including: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . .; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(2)]." *Id*.

[2] Wade also concedes that she has not exhausted administrative remedies. Because she is not currently in custody, the Court does not address the issue of exhaustion.

It is well established that Article III of the United States Constitution empowers the federal courts to hear only live cases and controversies. U.S. CONST. art. III § 2; *Horne v. Flores*, — U.S. —, 129 S. Ct. 2579, 2592 (2009); *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). A case or controversy must be ripe for decision, meaning that it must not be premature or speculative. *See Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir. 2002); *see also LeClerc v. Webb*, 419 F.3d 405, 413-14 (5th Cir. 2005) ("The ripeness doctrine counsels against 'premature' adjudication by distinguishing matters that are 'hypothetical' or 'speculative' from those that are poised for judicial review.") (quotation omitted). Like standing, "ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Shields*, 289 F.3d at 835 (citation omitted).

Because Wade is not presently serving her sentence of imprisonment, it is mere speculation whether she will, in fact, be denied placement in a RRC for the full 12-month period before her projected release date. Accordingly, for this additional reason, the Court lacks jurisdiction over the petition.

## III.  CONCLUSION AND ORDER

Wade does not allege facts showing that this Court has jurisdiction over the petition. Therefore, the Court **ORDERS** as follows:

1. The petition for a federal writ of habeas corpus (Doc. # 1) is **DENIED** as premature.

2. This case is **DISMISSED** without prejudice for lack of jurisdiction.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on March 29th, 2010.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge